## NEW YORK CIRCUIT.
### JANUARY 23, 1847.
### Before EDMONDS, Circuit Judge.

## MORE & BOWMAN v. HOWLAND & CASWELL.

An arrangement by which the plaintiffs guarantied the paper of the defendants, on which they were thus enabled to obtain loans, is not usurious, although the plaintiffs, for their guaranty, received a commission larger than the legal rate of interest.

The transaction was not a "loan" within the words of the statute, but was simply a contract for compensation for trouble and risk in raising money for another, which is not *per se* usurious.

THE defendants, foreign fruit dealers in New York, having a limited capital, and not having established a credit for their house, made an arrangement with the plaintiffs whereby the plaintiffs should gauranty paper which the defendants might issue in their own name, and business paper which the defendants, in the course of their business, might receive and desire to raise money upon before maturity, upon condition that defendants should meet all such paper at maturity, and the plaintiffs should not be required to advance any money whatever, for which the plaintiffs were to receive a commission of two and a half per cent for four months.

Under this arrangement plaintiffs received from defendants business paper amounting to about $46,000, and the paper of defendants themselves, amounting to about $33,000, for all of which they gave their own notes at four months, deducting the commission of two and a half per cent, or receiving it in cash. The amount of the plaintiffs' liabilities continually increasing, they demanded further security, and defendants executed a bond and warrant of attorney, on which judgment was entered and execution issued. A motion was now made by the defendant More to set aside the judgment and execution on the ground that the whole transaction was usurious, the commission reserved being seven and a half per cent per annum, which was more than the legal rate of interest.

*S. Sherwood*, for the defendant, cited *Dunham* v. *Dey* (13 J. R. 40; *Same* v. *Gould*, *in error* (16 id. 367); *Fanning* v. *Dunham* (5 J. C. R. 122); *Early* v. *Mahon* (19 J. R. 147).

*C. O'Conor*, for plaintiffs, insisted that the transaction was merely a guaranty of paper, unconnected with a loan, and was not usurious. He cited *Ketcham* v. *Barber* (4 Hill, 247); *DeForest* v. *Strong* (8 Conn. R. 513); *Suydam* v. *Westfall* (4 Hill, 211).

*The Circuit Judge:* The question in this case is simply this, whether these transactions were a loan by the plaintiffs of money, goods, or things in action, within the statute? If they were, the bond and warrant of attorney were void, and the judgment and execution must be set aside.

I am unable to perceive why the principle laid down by Chief Justice NELSON, in *Ketcham* v. *Barber* (4 Hill, 224), does not govern this case. In that case Ketcham received two and a half per cent for guaranteeing the note in question, and the Chief Justice says that was no loan, it was a mere sale of the guaranty of his firm, and after stating that the question was whether a *bona fide* sale of one's credit or security for the use and benefit of another, unconnected with a loan, is, *per se*, usurious, he holds that it is not. COWEN, J., delivered a dissenting opinion, in which he argued strenuously, as he has in several other cases in that same volume, in favor of applying the usury laws to such transactions. BRONSON, J., concurred in the result with the Chief Justice, though for different reasons, and if it might be questioned how far that case did establish the point that a sale of credit or security is not within the usury laws, in the subsequent case of *Seymour* v. *Strong* (4 Hill, 258), COWEN, J., in delivering the opinion of the court, speaks of the case of *Ketcham* v. *Barber*, as having settled the principle that a sale of credit at a usurious rate is not within the statute.

The sale by the plaintiffs of their guaranty in this case, was not, therefore, *per se*, usurious or void. Such a sale may

More & Bowman v. Howland & Caswell.

be used, however, as a cover for a usurious loan, and whenever it is, the law will undoubtedly apply. In the cases of *Dunham* v. *Dey* (13 J. R.), and *Dunham* v. *Gould* (16 id.), it was found by the juries that the transaction was in fact a loan, and the exchange of notes merely a cover. If a jury had so found in this case, the result must necessarily have been the same. But, on the other hand, if the transactions involved in this judgment are merely a sale of credit for the benefit of the defendants, then they are to be regarded as unexceptionable under the usury laws. Hence, the only question remaining for our consideration, is the question of fact as to the light in which the dealings between these parties are justly to be regarded.

To determine whether these were loans, it is barely necessary to inquire of whom did defendants obtain the money, the procurement of which was their great object in entering into the arrangement? Never of the plaintiffs, but always of some person of whom they borrowed the money on the strength of plaintiffs' credit and guaranty. The plaintiffs were not to advance any money, but by the contract it was stipulated that they were not, and that defendants were to take up the bills as they fell due, and the only contingency on which plaintiffs were to advance any money, was in the event of the bills being dishonored. And then they were to pay, not in pursuance of an agreement to loan money to defendants, but on their contract and guaranty — they were to pay, not to defendants, but to those of whom defendants had borrowed; and though all the money which defendants obtained under the arrangement, was obtained by loans, not a dollar of it was obtained of plaintiffs. I do not see, then, how it can be said that plaintiffs have loaned to defendants any money. They have merely supplied the defendants with such a guaranty that they could and did obtain loans of somebody else. This was held, in *Ketcham* v. *Barber*, and in *Seymour* v. *Strong*, to be legal.

The transaction does not purport to be a loan. It is a contract for compensation for the trouble and inconvenience of raising money to meet the debt of another. That such com-

pensation may be stipulated for and received, without subjecting the party to the imputation of usury, was decided in *Trotter* v. *Curtiss* (19 J. R. 160), and in *De Forest* v. *Strong* (8 Conn. R. 519).

This motion must therefore be denied, with costs.

[On appeal, this decision was affirmed by the Supreme Court. 4 Denio, 264.]

---

## KINGS COUNTY CIRCUIT.
### MARCH, 1847.
### Before EDMONDS, Circuit Judge.